Filed 5/18/16  Beach Whitman Cowdrey v. Robertson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BEACH \| WHITMAN \| COWDREY, LLP,<br><br>　　Plaintiff and Appellant,<br><br>v.<br><br>MARLENE Z. ROBERTSON et al.,<br><br>　　Defendants and Respondents. | 2d Civil No. B259718<br>(Super. Ct. No. 56-2012-00416492-CU-BC-VTA)<br>(Ventura County) |

A law firm and its clients entered into an agreement that the clients' obligation to pay the firm for past and future legal services was secured by a trust deed on the clients' real property.  The law firm's complaint alleged that it was induced to enter into the agreement by the clients' misrepresentation as to the value of the property, and that it did not learn the property's true value was much less until after it made a full credit bid at the foreclosure sale.  The complaint prayed for damages arising from intentional and negligent misrepresentation.

The full credit bid rule does not preclude the law firm from maintaining its action.  We reverse the summary judgment in favor of the clients.

FACTS

Beach | Whitman | Cowdrey, LLP, now known as Beach | Cowdrey | Owen, LLP (hereafter "Beach") is a law firm.  Beach represented Marlene Z. Robertson and others (hereafter collectively "Robertson") in matters related to Robertson's business.

In June 2008, Beach's legal fees for services rendered exceeded $183,119. On June 13, 2008, the parties reached an agreement. Robertson agreed to pay Beach $50,000 and execute a promissory note bearing interest at 8 percent for the balance. The agreement also provided that any future fees for services rendered would be added to the principal balance. The note was secured by a trust deed on two parcels of real property in Adelanto, California.

By 2011, Robertson was in default and Beach initiated a nonjudicial foreclosure. On July 21, 2011, the trustee under the trust deed held a foreclosure sale. Beach made a full credit bid in the amount of $211,759.23. The trustee's deed to Beach was recorded thereafter.

Beach filed the instant action against Robertson on May 1, 2012. The first amended complaint states causes of action for intentional and negligent misrepresentation.

Beach alleges that at the time of the parties' agreement in 2008, Robertson represented the secured parcels were valued at $435,375, approximately 239 percent of the amount owed to Beach; that Robertson had no reasonable grounds to believe the representations to be true or knew them to be false; that Beach relied on the representations in accepting the trust deed; that Beach did not learn of the true value of the properties until after it made a credit bid at the foreclosure sale; and that Beach sold the properties and received only $63,541.50. Beach prayed for damages in the amount of $111,613.24, calculated by deducting the $63,541.50 received from the sale from the $175,154.74 original amount owed to Beach.

Robertson moved for summary judgment on the grounds, among others, that she did not misrepresent the value of the properties in 2008 when the agreement was made, and that due to Beach's full credit bid, it suffered no damages.

In support of her motion, Robertson introduced evidence to show that Beach's bid at the foreclosure sale was a full credit bid; that is, the bid represented the full amount secured by the trust deed.

In response, Beach produced evidence showing that at the time of the 2008 agreement, Robertson represented the value of the properties to be $435,375. Beach does not contest that its bid at the foreclosure sale was a full credit bid.

The trial court granted Robertson's motion for summary judgment. The trial court also awarded Robertson $61,208 in attorney fees based on an attorney fee clause contained in the note.

In the minute order granting Robertson's motion for summary judgment, the trial court stated: "Following the June 11[, 2014] oral argument, the issue has been narrowed to whether summary judgment should be granted based on the Defense contention that Plaintiff's alleged full credit bid at the nonjudicial foreclosure precludes this action for fraud against Defendants." Thus, for the purposes of her motion for summary judgment, Robertson does not contest there is a triable issue of fact whether she induced Beach to enter into the agreement by misrepresenting the value of the properties.

DISCUSSION

I.

Summary judgment is properly granted only if all papers submitted show there is no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc. § 437c, subd. (c).) The court must draw all reasonable inferences from the evidence set forth in the papers except where such inferences are contradicted by other inferences or evidence which raise a triable issue of fact. (*Ibid.*) In examining the supporting and opposing papers, the moving party's affidavits or declarations are strictly construed, those of his opponents liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. (*Szadolci v. Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19.)

The moving party has the initial burden of showing that one or more elements of a cause of action cannot be established. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.) Where the moving party has carried that burden, the burden

3

shifts to the opposing party to show a triable issue of material fact.  (*Ibid*.)  Our review of the trial court's grant of the motion is de novo.  (*Id*. at p. 767.)

*II.*

Beach contends the full credit bid rule does not bar its cause of action for fraud.

At a foreclosure sale a full credit bid is a bid by the secured creditor that is equal to the amount of the unpaid debt, including interest, costs, fees and other expenses of foreclosure.  (*Najah v. Scottsdale Ins. Co.* (2014) 230 Cal.App.4th 125, 133.)  A secured creditor who makes a full credit bid is precluded from later claiming the property is actually worth less than the full credit bid.  (*Ibid*.)  The bid has established that the foreclosed security is equal to the value of the debt.  (*Id*. at p. 134.)  Thus, the debt is extinguished and the creditor is barred from any further attempt to collect the debt.  (*Ibid*.)

But fraud presents an exception to the full credit bid rule.  In *Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226 (*Alliance*), plaintiff's complaint alleged that third party nonborrowers fraudulently induced plaintiff to make loans secured by deeds of trust on various parcels of real property.  It was only after plaintiff made full credit bids at the foreclosure sales that it learned the true value of the properties was less than the value represented by the third party defendants.  Plaintiff prayed for damages for fraud.

The trial court granted the defendant's motion for judgment on the pleadings based on the full credit bid rule.  The Court of Appeal reversed and our Supreme Court affirmed the Court of Appeal.

In affirming, our Supreme Court considered the issue whether a lender's acquisition of security property by full credit bid at a nonjudicial foreclosure sale bars the lender from maintaining a *fraud* action to recover damages from third parties who fraudulently induced the lender to make the loans.  (*Alliance*, *supra*, 10 Cal.4th at p. 1241.)  The court stated that generally the lender bears the risk and burden of making an informed bid.  (*Id*. at p. 1246.)  It does not follow, however, that being intentionally

4

misled as to the value of the property "prior to even making the loan is within the realm of that risk." (*Ibid*.) "The full credit bid rule was not intended to immunize wrongdoers from the consequences of their fraudulent acts." (*Ibid*.) The court concluded that "in order to establish reliance, Alliance need only demonstrate that its full credit bids were a proximate result of defendants' fraud, and that in the absence of such fraud it would not, in all reasonable probability, have made the bids." (*Id*. at pp. 1246-1247.)

Under *Alliance*, it is not enough that the creditor was fraudulently induced into making the loan. The lender must have been fraudulently induced into making the loan and still be under the mistaken belief that the representation was true at the time it made the full credit bid. (*Michelson v. Camp* (1999) 72 Cal.App.4th 955, 969.)

Robertson argues Beach did not plead or introduce evidence of reliance at the time it made the full credit bid. But Beach's first amended complaint alleges that Beach relied on Robertson's misrepresentations at the time it made the loan and only learned the representations were false after the foreclosure sale. That is a sufficient allegation that Beach was relying on Robertson's misrepresentations at the time of the bid.

Robertson's argument that Beach produced no evidence of reliance at the time of the full credit bid misperceives who has the initial burden in a motion for summary judgment. Robertson as the moving party has the initial burden of producing evidence to refute the allegation that Beach was relying on the misrepresentation at the time of the bid. (See *Saelzler v. Advanced Group 400*, *supra*, 25 Cal.4th at p. 768.) Robertson has produced no such evidence. (See, e.g., *Michelson v. Camp*, *supra*, 72 Cal.App.4th at p. 969 [evidence that secured creditor obtained his own appraisal prior to making credit bid supported judgment of nonsuit in creditor's action for fraud and misrepresentation].)

In any event, a reasonable trier of fact may conclude a misrepresentation in the initial transaction that the properties are worth $435,000 lured Beach into believing a bid of $211,000 was well below the value of the properties, even in a down real estate

market. And it may not. In any event, that is a question that cannot be answered here in a motion for summary judgment.

Robertson argues that under *Alliance* only third parties are liable for fraud. The borrower has no liability. It is true *Alliance* discusses only the liability of third parties. But that is because the lender there only sued third parties. The court stated that liability for fraud is not within the realm of the full credit bid rule. There is no reason why borrowers should escape liability for their misrepresentations.

Robertson argues that the passage of three years between the making of the loan and the foreclosure sale and the general downturn in the real estate market made Beach's reliance unreasonable. Certainly those are factors that may be considered. But they do not make reliance unreasonable as a matter of law. The ultimate question of reasonableness of the reliance is one for the trier of fact. (See *Alliance*, *supra*, 10 Cal.4th at p. 1239.)

Robertson's reliance on *Sumitomo Bank v. Taurus Developers, Inc.* (1986) 185 Cal.App.3d 211, 221-222, is misplaced. There the court held as a matter of law that a secured creditor cannot rely on misrepresentations made at the time the loan was initiated to support a claim that a full credit bid was fraudulently induced. *Sumitomo* has been abrogated by *Alliance*. In *Alliance*, the only misrepresentations alleged in the complaint were made at the time the loan was initiated.

Moreover, fraud in the inducement at the initiation of a loan can infect the entire transaction, including the lender's decision to make a full credit bid. The effects of fraud do not automatically stop when it is time to make a credit bid at a foreclosure sale.

Because we reverse the judgment, we need not consider Beach's objections to the award of attorney fees against it.

DISPOSITION

The judgment is reversed.  Costs on appeal are awarded to appellant.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:



YEGAN, J.



PERREN, J.

7

Vincent J. O'Neill, Jr., Judge

Superior Court County of Ventura
_____

Beach | Cowdrey | Owen, LLP, Sean D. Cowdrey and Rachel K. Mandelberg for Plaintiff and Appellant.

The Freeman Law Firm and Jordan M. Freeman for Defendants and Respondents.